UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH SKIRCHAK AND BARRY L. )
ALDRICH, ON BEHALF OF )  05  11362 MEL
THEMSELVES AND ALL OTHERS )
SIMILARLY SITUATED, ) Civil Action No.:
 )
 ) MAGISTRATE JUDGE MBB
 )
    Plaintiffs, )
v. ) JURY DEMANDED
 )
DYNAMICS RESEARCH CORPORATION, INC., ) RECEIPT #
A Massachusetts corporation, ) AMOUNT $250
 ) SUMMONS ISSUED YES
    Defendant ) LOCAL RULE 4.1
 ) WAIVER FORM
 ) MCF ISSUED
**CLASS ACTION COMPLAINT** BY DPTY. CLK.
 DATE 6/28/05

Now come plaintiffs, for themselves and all others similarly situated, and allege the following upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over overtime claims pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), which provides, "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." A Consent to Sue form for each plaintiff is attached hereto as *Exhibits A-B*.

2. This Court also has general federal question jurisdiction pursuant to 28 U.S.C. §1331, the federal statute in question being the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

3. This Court has supplemental, pendant, and/or ancillary jurisdiction pursuant to 27 U.S.C. §1367(a) over the Massachusetts state law claim for overtime because this claim is so related to claims in the action within such original jurisdiction that it forms part of the same case or controversy; i.e., this claim involves the same parties, arises out of the same pay practices, and involves the same issues of proof of exempt or non-exempt status.

4.  Venue is proper in the United States District Court of Massachusetts because the Defendant is a Massachusetts corporation conducting business in Massachusetts and the acts complained of herein happened in Massachusetts.

## BACKGROUND AND PARTIES

5.  Plaintiffs Joseph Skirchak and Barry L. Aldrich, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their undersigned attorney, bring this action against Defendant Dynamics Research Corporation, Inc., a Massachusetts corporation ("DRC" or Defendant.

6.  Up until approximately October 1, 2004, Defendant willfully failed to pay Plaintiffs and all other persons employed in positions categorized as "exempt" time and one-half their regular rate of pay for all hours worked in excess of forty (40) per week.

7.  This Complaint is brought by Plaintiffs on their own behalf and on behalf of all persons who are or have been employed by Defendants in exempt positions, who have not been paid overtime owed to them for the applicable class period, defined herein.

8.  Plaintiffs seek certification as a class (i) of employees designated by DRC a exempt employees employed within Massachusetts within the last two (2) years immediately preceding the filing of the Complaint, pursuant to the Federal and/or Massachusetts Rule of Civil Procedure 23; and (ii) all employees designated by DRC as exempt employees employed in any state other than Massachusetts within the last three (3) years immediately preceding the filing of the Complaint, pursuant to 29 U.S.C. §216(b).

9.  Plaintiff Joseph Skirchak is an individual who resides at 1026 Route 12A, Plainfield, New Hampshire. Skirchak worked as Director of Compensation and Retirement Programs from April 23, 2001 until October 1, 2004.

10. Plaintiff Barry L. Aldrich is an individual who resides at 4081 Judith's Fancy, Christiansted, VI. Aldrich worked as Vice President of Contracts from on or about December 10, 2000 until November 12, 2004.

11. Defendant Dynamics Research Corporation, Inc. is a Massachusetts corporation with its headquarters in Andover, Massachusetts.

12. According to their own website, the Defendant is a publicly held company providing computer-based systems development, engineering management, and logistics support services to Federal, State, and local government.

## FACTUAL ALLEGATIONS

13. Defendant pays employees that it has designated as exempt employees on

salary basis. The amount of their pay does not depend upon the number of hours they work in a given work week. Employees designated as exempt employees regularly work in excess of forty (40) hours per week.

14. Defendant classifies employees as exempt assuming compliance with the Job Duties, Salary level, and Salary Basis tests mandated under the Massachusetts Wage Act and the FLSA.

15. Defendant knowingly and willfully violated the Salary Basis test by maintaining a corporate policy signed by the CEO requiring that all designated exempt employees work a minimum of 40 hours per week.

16. Defendant as a matter of policy required payroll to automatically charge an exempt employee's Paid Time Away (PTA) bank of hours for either full or partial day deductions if the employee did not charge at least 40 hours of actual work or other approved time category on their weekly timecard.

17. Defendant knew that in charging the exempt employee with either full or partial day deductions often resulted in an employee's PTA bank containing negative hours that needed to be erased through future accruals.

18. Defendant required by policy, that exempt employees who terminated employment at DRC with negative PTA balances repay the company for the advanced hours knowing that these negative balances included partial day deductions.

19. Defendant established a pay code for Exempt Unpaid (EU) that could be charged for full day absences. In so doing, the employee would be docked one day of pay.

20. Defendant approved the use of the EU code for partial day deductions.

21. Defendant continually received communications from Human Resource management and legal counsel indicating that its policy of partial day deductions from exempt employees violated the FLSA. Defendant chose to continue with its policy creating timekeeping/payroll issues resulting in harm to exempt employees.

22. The Department of Labor conducted an investigation of Defendant's pay policy regarding partial day deductions of exempt employees and Defendant agreed to pay back the wages wrongfully deducted.

23. Defendant violated the Salary basis test of the FLSA and in doing so misclassified employees as "exempt" from the overtime compensation requirement of Massachusetts Wage Act and the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

24.  Pursuant to the Federal and/or Massachusetts Rule of Civil Procedure 23, Plaintiffs bring Count I as a true class action (also commonly referred to as an "opt-out" class) for violation of the Massachusetts Wage Act, on behalf of themselves and on behalf of all persons similarly situated within the class of Exempt employees, employed by the Defendant within the Commonwealth of Massachusetts within two (2) years of the filing of this Complaint until entry of judgment after trial ("Massachusetts Class").

25.  Pursuant to Section 16(b) of the FLSA, Plaintiffs bring Count II as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves and on behalf of all persons who may choose to opt-in to this action who are similarly situated within the class of Exempt employees, employed by the Defendant in any of their divisions in any state except Massachusetts within three (3) years of the filing of this Complaint until entry of judgment after trial ("FLSA Class").

26.  Plaintiffs are informed and believe, and based thereon allege that there are approximately five hundred (500) people in the Massachusetts Class and in addition to these employees, approximately another eleven hundred (1100) people who were employed by the Defendant in other states who may also choose to opt-in to the FLSA Class. The actual number of members in each subclass is readily ascertainable by review of the Defendant's records through appropriate discovery.

27.  The persons in the Massachusetts Class and the persons in the FLSA Class are so numerous that joinder is impracticable and would involve hundreds of actions. Disposition of these claims in a class or collective action rather than in individual actions will benefit the parties and the Court.

28.  There is a well-defined community of interest in the questions of law and fact affecting each class as a whole.

29.  Proof of a common or single set of facts will establish the right of each member of both classes to recover. These common questions of law and fact predominate over questions that affect only individual class members. Plaintiff's claims are typical of those of the class.

30.  A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption, and 3) the burden is on the employer to disprove the hours of overtime claimed by the employees.

31. Plaintiffs will fairly and adequately represent the interests of the class, and have no interests that conflict with or are antagonistic to the interests of the class.

32. Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

33. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the Defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

## CAUSES OF ACTION
### COUNT I: FAILURE TO PAY STATUTORILY MANDATED WAGES
**(Violation of Massachusetts General Laws Chapter 151§§1A and 1B)**

34. Plaintiffs repeat the allegations set forth in paragraphs 1 through 33 as if each were separately and completely set forth herein.

35. Mass. Gen. Laws Ch. 151 §1A provides that non-exempt employees must receive "compensation for his employment in excess of forty hours at a rate no less than one and one half times the regular rate at which he is employed."

36. Mass. Gen. Laws Ch. 151 §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151 §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

37. By their conduct set forth herein, the Defendant violated Mass. Gen. Laws Ch. 151 §1A by failing to pay Plaintiffs and the Massachusetts Class time and one-half their regular hourly rate for hours worked in excess of forty (40) hours in a workweek.

38. As a result of the unlawful acts of the Defendant, Plaintiffs and Massachusetts Class members have been damaged in that they have been deprived of overtime pay in amounts to be proven at trial.

39. At all relevant times the Defendant had a policy allowing for partial day deductions from exempt employee's wages in violation of the Salary Basis test as described in the Massachusetts Wage Act. Such deductions from Plaintiffs and Massachusetts Class members were inconsistent with exempt status, and therefore such persons were and are not exempt from the overtime provisions of Mass. Gen. Laws Ch. 151 §1A.

WHEREFORE, Plaintiffs and Massachusetts Class members demand judgment against the Defendant for three times their unpaid overtime compensation, plus

reasonable attorneys' fees and costs of suit, and such other relief as the Court deems proper and just.

### COUNT II: FAILURE TO PAY STATUTORILY MANDATED WAGES
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §§201-219)

40. Plaintiffs repeat the allegations set forth in paragraphs 1 through 39 as if each were separately and completely set forth herein.

41. By their conduct as set forth herein, the Defendant violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek.

42. As a result of the unlawful acts of the Defendant, Plaintiffs and Plaintiff class members have been deprived of overtime pay in amounts to be proven at trial.

43. At all relevant times the Defendant had a policy allowing for partial day deductions from exempt employees wages in violation of the Salary Basis test as described in the Fair Labor Standards Act. Such deductions from Plaintiffs and the FLSA Class members were inconsistent with exempt status, and therefore such persons were and are not exempt from the overtime provisions of the FLSA.

44. Defendants' violations of 29 U.S.C. were repeated, willful and intentional.

WHEREFORE, Plaintiffs and FLSA class members demand judgment against the Defendant for the unpaid balance of overtime compensation, plus an equal amount as liquidated damages, along with reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff class members demand judgment against the Defendant as hereinafter set forth, including, *inter alia*:
    (a) Declare Count I of this action to be maintainable as a class action pursuant to Fed. and/or Mass. R. Civ. P. 23;
    (b) Declare Count II of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct the Defendant to provide to Plaintiffs a list of all persons employed by it classified as exempt during the FLSA Class Period, including the last known address and telephone number of each person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;
    (c) Determine the damages sustained by Plaintiffs and FLSA Class members as a result of the Defendant's violations of 29 U.S.C. §216(b), and award those damages against the Defendant and in favor of Plaintiffs and all members of the FLSA Class, plus

an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law.

   (d) Award Plaintiffs and FLSA Class members their costs and disbursements of this suit, including without limitation, reasonable attorney's, accountants' and experts' fees;

   (e) Grant Plaintiffs and FLSA Class members such other and further relief as the Court may deem just and proper;

   (f) Determine the damages sustained by Plaintiffs and Massachusetts Class members as a result of the Defendant's violations of Mass. Gen. Laws Ch. 151, and award those damages against the Defendant in favor of Plaintiffs and Massachusetts Class members, plus treble damages pursuant to Mass. Gen. Laws Ch. 151 §§1A and 1B, and such pre-judgment interest as may be allowed by law;

   (g) Award Plaintiffs and Massachusetts Class members their costs and disbursements of this suit, including without limitation, reasonable attorney's, accountants' and expert fees; and

   (h) Grant Plaintiffs and Massachusetts Class members such other and further relief as the Court may deem just and proper.

Submitted by the attorney for the Plaintiffs and the Class,

*[signature]*

Elayne N. Alanis


THE LAW OFFICE OF ELAYNE N. ALANIS
Elayne N. Alanis (BBO # 660365)
10 Tremont Street, 3rd Floor
Boston, MA 02108
(617) 263-1203 (phone)
(617) 742-1724 (Fax)
ealanis@verizon.net


Shannon Liss-Riordan (BBO # 640716)
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617 367-7200

Dated: June 27, 2005

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH SKIRCHAK AND BARRY ALDRICH )
ON BEHALF OF THEMSELVES AND ALL )
OTHERS SIMILARLY SITUATED, )
                                )
            Plaintiffs,          )
                                ) CIVIL ACTION NO.:
v.                              )
                                )
DYNAMICS RESEARCH CORPORATION INC. )

            Defendant.

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

Dated: 6/13/05

/s/ Joseph Skirchak

**EXHIBIT B**

Case 1:05-cv-11362-MEL   Document 1   Filed 06/28/2005   Page 10 of 11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH SKIRCHAK AND BARRY L. ALDRICH )
ON BEHALF OF THEMSELVES AND ALL )
OTHERS SIMILARLY SITUATED, )
)
Plaintiffs, )
) CIVIL ACTION NO.:
v. )
)
DYNAMICS RESEARCH CORPORATION INC. )

Defendant.

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

Dated: 6/16/05

Barry L. Aldrich