UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH SKIRCHAK AND BARRY ALDRICH, )
ON BEHALF OF THEMSELVES AND ALL )
OTHERS SIMILARLY SITUATED, )
)
     Plaintiffs, )
)
v. )
) Civil Action No.: 05-11362 MEL
DYNAMICS RESEARCH CORPORATION, )
A Massachusetts corporation, )
)
     Defendant. )
)
)
)

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO FACILITATE § 216(b) NOTICE, REQUESTING THE COURT STAY RULING ON SUCH MOTION UNTIL FIRST RULING ON DEFENDANT'S MOTION TO DISMISS COMPLAINT AND COMPEL PLAINTIFFS' COMPLIANCE WITH THE DISPUTE RESOLUTION PROGRAM**

Defendant Dynamics Research Corporation ("DRC") submits this Memorandum in Opposition to Plaintiffs' Motion to Facilitate § 216(b) Notice, (the "Motion to Facilitate"), and respectfully requests that this Court stay its ruling on the Motion to Facilitate until after the Court rules on DRC's Motion to Dismiss Complaint and Compel Plaintiffs' Compliance With the Dispute Resolution Program (the "Motion to Dismiss"). The Court should defer its ruling on the Motion to Facilitate until after it has ruled on the Motion to Dismiss because the Motion to Facilitate will become moot if the Court dismisses this action and compels the Plaintiffs to comply with their contractual obligations to adjudicate this matter in accordance with DRC's Dispute Resolution Program (the "Program"). Ruling on the Motion to Dismiss is simply the logical first step which must be undertaken before this class action proceeds any further,

including by sending notices to potential class members. If the Court subsequently denies the Motion to Dismiss, DRC respectfully requests that it be given seven (7) days from the denial of the Motion to Dismiss in which to respond to the Motion to Facilitate. DRC intends to oppose the Motion to Facilitate vigorously, and will quickly respond, if necessary, in order to ensure the Plaintiffs are not prejudiced by any undue delay.

### A. If the Court Grants DRC's Motion to Dismiss, the Motion to Facilitate Need Not be Decided.

Logic and judicial economy dictate that the Court should not be burdened with addressing the Motion to Facilitate, and the legal and factual issues it raises, when this entire action may be dismissed (and the parties forced to comply with the Program) as a result of the Court's ruling on the Motion to Dismiss. In the Motion to Dismiss, DRC has asked the Court to recognize the Plaintiffs' contractual obligations to adhere to the terms of the Program. Those terms not only require the Plaintiffs to adjudicate their claims through the Program's three-step process (up to and including arbitration), but the terms of the Program explicitly prohibit class actions. The Program clearly states:

> The Arbitrator shall have no authority to consider class claims or join different claimants or grant relief other than on an individual basis to the individual employee involved. The right of any party to pursue a class action for any Dispute subject to the Program shall be waived to the fullest extent permitted by law.

Thus, granting the Motion to Dismiss would not only end this court action, allowing the parties to resolve their dispute utilizing the Program, but granting the motion would also require the Plaintiffs to adhere to their prior agreement not to proceed with a class action. There would then be no reason to issue notices. Thus, it is simply logical, and consistent with judicial economy, for the Court to defer its consideration of the Motion to Facilitate until after the Court has decided the threshold issue of whether the parties must use the Program.

Further, if the Court were to grant the Motion to Facilitate, only to grant the Motion to Dismiss subsequently, any individuals receiving notices would be left in the confusing position of having received notices for a court action that no longer exists, asking them to be part of a class action that cannot be brought under the terms of the Program. This would create confusion among all those who receive the notices, which confusion is completely avoidable if the Court stays its consideration of the Motion to Facilitate for a short time, as requested by DRC. Thus, the logic of deferring action on the Motion to Facilitate until after the Motion to Dismiss is decided is sound and not prejudicial to the parties.

It is important to note that most of the potential class members are existing employees of DRC. DRC has a very strong and important interest in maintaining a harmonious workplace, which is one of the reasons it adopted the Program as a means of resolving all employee claims and disputes.[1] The avoidable adverse impact which would result from prematurely sending notices of a class action, which this Court may not allow to proceed because of the express terms of the Program, will certainly disrupt that harmony in addition to confusing to DRC's workforce. That prejudice to DRC is completely avoidable if the Court follows the logical step-by-step procedure that DRC is requesting here.

The Plaintiffs, by bringing the Motion to Facilitate while the Motion to Dismiss is pending, are attempting to proceed with this action as if the Motion to Dismiss had not been filed and as though they were not parties to an agreement that prohibited this action in a court of law and which also prohibited bringing class claims. If the Court allows the Plaintiffs to send the proposed notices, only later to dismiss this action, the Plaintiffs will have been able to utilize a

---

[1] Please see the Affidavit of Joseph LeBlanc (Exhibit 3, page 4), which was filed in support of DRC's Motion to Dismiss.

procedure that they agreed not to follow. DRC will have lost the benefit of that agreement, at least in part, if the Court grants the Motion to Facilitate.

The most judicially economical course of action, which will also avoid confusion and prejudice to DRC's workforce and all parties, as well as the unnecessary expenditure of time for the Court and money for the parties, is for the Court to stay its consideration and ruling on the Motion to Facilitate until after ruling on the pending Motion to Dismiss.

### B. If the Court Denies the Motion to Dismiss, DRC Requests Seven Days From the Date of the Denial to Oppose the Motion to Facilitate.

DRC believes, based on the substantial authority cited in its memorandum in support of its Motion to Dismiss, that the claims asserted in the complaint must be resolved pursuant to the Program. The strong federal policy favoring arbitration and other alternative dispute resolution procedures, and the cases recognizing and implementing that policy, compel that conclusion. However, even if the Court denies the Motion to Dismiss, deferring action on the Motion to Facilitate until after the Court so rules, is the correct and logical course of action. If the Court denies the Motion to Dismiss, DRC respectfully requests that it be given just seven (7) days in which to respond substantively to the Motion to Facilitate. By responding in such a short timeframe, DRC will eliminate any prejudice Plaintiffs may claim to exist from the Court's deciding the Motion to Dismiss before acting on the Motion to Facilitate.

There are a number of legal and factual flaws in the arguments the Plaintiffs make in support of their Motion to Facilitate, and DRC, if necessary, plans to oppose the Motion to Facilitate vigorously by alerting the Court to these flaws. The DRC policy at issue affected a relatively small number of employees under very limited circumstances, none of which impacted the named plaintiffs. Plaintiffs Skirchak and Aldrich are not similarly situated to either current employees or former employees. The broadly applicable practices cited by the Plaintiffs do not

violate the salary basis test as a matter of law. Requiring employees to work a minimum number of hours per week and charging employees' leave banks for full or partial day absences are indisputably consistent with the salary basis test.

DRC should be given the opportunity to brief these issues fully. It will do so, and quickly, if the Court so allows. But DRC should not now be required to brief these issues when its first-filed Motion to Dismiss, for which there is ample legal support, is pending. And the Court should not be put to the burden of deciding the issues raised by the Motion to Facilitate in circumstances in which that motion may very well be moot.

## CONCLUSION

In sum, there is no valid reason for the Court to decide the Motion to Facilitate until after it has ruled on the pending Motion to Dismiss. If the Court grants the Motion to Dismiss, it will not be required to rule on the Motion to Facilitate, as the Motion to Facilitate will be moot. Staying its ruling on the Motion to Facilitate until after the Court rules on the Motion to Dismiss is the correct decision even if the Court subsequently denies the Motion to Dismiss. If such a denial is issued, DRC will quickly respond to the Motion to Facilitate by fully briefing all of its arguments in order to ensure that the Plaintiffs are not prejudiced by any unnecessary delay. To prevent the Court and parties from spending needless time addressing the Motion to Facilitate now, and to prevent the potential confusion and disruption in DRC's workplace described in this brief, it is submitted that the Court should defer its decision on the Motion to Facilitate until after the Court's ruling on the Motion to Dismiss.

- 6 -

DYNAMICS RESEARCH CORPORATION,

By its attorneys,

*[signature]*

David S. Rosenthal (BBO # 429260)
Carrie J. Campion (BBO # 656451)
Jeffrey B. Gilbreth (BBO # 661496)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
617-345-1000

Dated August 26, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on August 26, 2005

*[signature]*

BOS1519000.2