

# NIXON PEABODY LLP
ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300
Direct Dial: (617) 345-6183
E-Mail: drosenthal@nixonpeabody.com

November 18, 2005

**VIA HAND DELIVERY**

The Honorable Morris E. Lasker
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

    RE:    **Joseph Skirchak et a. v. Dynamics Research Corporation**
             **USDC Civil Action No. 05-11362 MEL**

Dear Judge Lasker:

    I am writing in response to Attorney Liss-Riordan's letter to you dated November 4, 2005, in which Attorney Liss-Riordan asked the Court toll the statute of limitations for opt-in plaintiffs, pending a ruling on Dynamics Research Corporation's Motion to Dismiss Complaint and Compel Plaintiffs' Compliance with the Dispute Resolution Program.

    After receiving a copy of the letter, we researched the issue of whether or not the Court may, under the doctrine of judicial tolling, grant Attorney Liss-Riordan's request. Our research reflects that the controlling case in this situation is *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 557-8 (1974), in which the Supreme Court held that the proper test for a court to apply when determining whether it may judicially toll a statute of limitations is "whether tolling the limitation in a given context is consonant with the legislative scheme."

    We have scoured the Fair Labor Standards Act for evidence of Congressional intent to allow for the judicial tolling of the statute of limitations. We have been unable to find any language in the statute suggesting that Congress intended to allow the statute of limitations to be tolled in the situation in which we find ourselves in this case.

    In fact, when drafting the FLSA, Congress diverged from the tolling procedures set forth in Rule 23 of the Federal Rules of Civil Procedure in which the statute of limitations for potential class action members is tolled upon filing of the action. When drafting the FLSA, Congress inserted the unique provision in which the statute of limitations continues to run with respect to a

BOS1545149.1

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • LOS ANGELES, CA • MANCHESTER, NH • McLEAN, VA
NEW YORK, NY • ORANGE COUNTY, CA • PHILADELPHIA, PA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC

NIXON PEABODY LLP

The Honorable Morris E. Lasker
November 18, 2005
Page 2

potential plaintiff until that person takes the affirmative step of opting into the collective action. This legislative scheme strongly suggests that Congress did not intend to allow for judicial tolling of the statute of limitations in situations such ours. In a similar situation, the First Circuit recognized Congress's intent in *Dennis J. Abbott, III v. United States of America*, 144 F.3d 1, 6 (1st Cir. 1998) in which it cited the *Unexcelled Chem. Corp. v. United States*, 345 U.S. 59 (1953) and stated that "the Supreme Court squarely held in [*Unexcelled*] that the FLSA's statute of limitations is not subject to tolling on the basis of pending administrative proceedings." (internal citations omitted). Based on this authority, therefore, the defendant must conclude that Plaintiffs' request in her letter should be denied by the Court.

However, even though we believe that the FLSA does not contemplate tolling the statute of limitations in situations such as this, and without waiving any rights to oppose any future tolling request that may be made, the Defendant is willing to agree to a tolling of the statute of limitations at this time for the limited period of time until the Court issues its ruling on the Motion to Dismiss Complaint and Compel Plaintiffs' Compliance with the Dispute Resolution Program.

Thank you for your attention to this matter.

Very truly yours,

David S. Rosenthal

cc:   Elayne N. Alanis, Esq.
      Shannon Liss-Riordan, Esq.

BOS1545149.1