

# NIXON PEABODY LLP
ATTORNEYS AT LAW



FILED
IN CLERKS OFFICE

2005 DEC -6  A 10: 55

U.S. DISTRICT COURT
DISTRICT OF MASS.

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

Davis S. Rosenthal
Direct Dial: (617) 345-6183
Direct Fax: (866) 368-6633
E-Mail: drosenthal@nixonpeabody.com

December 6, 2005

Honorable Morris E. Lasker
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

    Re:    Skirchak v. Dynamics Research Corporation
           Civil Action No. 05-11362 MEL

Dear Judge Lasker:

    We received, through the Court's electronic filing system, a copy of a Proposed Order apparently filed by counsel for the Plaintiffs Skirchak and Aldrich. For the reasons explained in my letter to the Court dated November 18, 2005, our research reflects that judicial tolling of the statute of limitations is not authorized in the context of Plaintiff's FLSA claim. Plaintiffs' Proposed Order, including all of its multiple choice options, respectfully should not be entered by the Court.

    The case apparently relied upon by Plaintiffs, and included in the Proposed Order, is inapposite. That case involved a request to equitably toll the running of the statute of limitations, apparently because of the wrongful conduct of the defendant in connection with that action. Baldozier v. Am. Family Mut. Ins. Co., 375 F. Supp. 2d 1089, 1092 ("According to Plaintiffs, equitable tolling is warranted based of American Family's refusal to provide contact information for former employees.")

    There is no evidence before this Court, nor does any exist, that Dynamics Research Corporation ("DRC") has engaged in any such wrongful conduct with respect to this FLSA action. Nor has DRC in this case been guilty of any conduct which would justify equitable tolling. See Lavery v. Marsh, 918 F.2d 1022, 1028 (1st Cir. 1990) citing Baldwin County

BOS1549113.1

ALBANY, NY · BOSTON, MA · BUFFALO, NY · GARDEN CITY, NY · HARTFORD, CT · LOS ANGEL
NEW YORK, NY · ORANGE COUNTY, CA · PHILADELPHIA, PA · PROVIDENCE, RI · ROCHESTER, N'

NIXON PEABODY LLP

Honorable Morris E. Lasker
December 6, 2005
Page 2

Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) in which equitable tolling was sought because of the "affirmative misconduct on the part of the government."

As explained in my November 18th letter to the Court, DRC is willing to agree to toll the running of the statute of limitations for the period of time until the Court issues its ruling on the Motion to Dismiss Complaint and Compel Plaintiffs' Compliance with the Dispute Resolution Program, for the reasons explained in my letter. DRC therefore submits the following Proposed Order for the Court's consideration, consistent with that proposal.

Given the outstanding issues regarding the tolling issue, I respectfully suggest that it may be appropriate for the Court to hold a hearing on these issues. Thank you for your consideration.

Very truly yours,

Davis S. Rosenthal

Enclosure
DSR/pjm
cc:    Shannon-Liss Jordan, Esq.
       Elayne Alansis, Esq.

BOS1549113.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SKIRCHAK AND BARRY ALDRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMICS RESEARCH CORPORATION, A Massachusetts corporation,<br><br>Defendant. | Civil Action No.: 05-11362 MEL |

## PROPOSED ORDER

This Court hereby Orders that:

Effective immediately, the statute of limitations is tolled for potential opt-in plaintiffs in the above-named collective action for a period of time expiring when this Court issues its ruling on Dynamics Research Corporation's Motion to Dismiss Complaint and Compel Plaintiffs' Compliance with the Dispute Resolution Program.

So Ordered:

_____
MORRIS E. LASKER
Senior District Judge
United States District Court
for the District of Massachusetts

BOS1549561.1