UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SKIRCHAK AND BARRY ALDRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMICS RESEARCH CORPORATION, A Massachusetts corporation,<br><br>Defendant. | Civil Action No.:  05-11362 MEL |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER HOLDING THAT THE CLASS ACTION WAIVER SET FORTH IN THE DISPUTE RESOLUTION PROGRAM IS UNCONSCIONABLE AND, FOR THAT REASON, IS NOT ENFORCEABLE**

Defendant Dynamics Research Corporation ("DRC" or the "Company") respectfully requests that the Court reconsider its Order, entered on April 10, 2006 (the "Order"), granting in part and denying in part, DRC's Motion to Dismiss Complaint and Compel Plaintiff's Compliance with the Dispute Resolution Program (the "Motion").  Specifically, DRC requests that the Court reconsider the portion of the Order striking down the class action waiver provision set forth in the Dispute Resolution Program ("DRP") on the grounds that the provision is unconscionable.

As grounds for this Motion for Reconsideration, DRC respectfully submits that:

º    The Court's decision with respect to unconscionability reflects that it relied on facts that were not established in the record, but were very much disputed and contradicted within the record.  Given this disputed record, the Court should not have accepted plaintiffs'

BOS1587620.1
**ORAL ARGUMENT REQUESTED**

version of the facts and rejected DRC's.  At the very least, an evidentiary hearing should be held to resolve these issues of disputed fact.

º       The Court's decision with respect to substantive unconscionability is not supported by existing precedent.  Indeed, virtually <u>every</u> federal court that has ruled on the validity of class action waivers in Fair Labor Standards Act ("FLSA") cases has upheld such provisions and found them <u>not</u> unconscionable.

º       Moreover, the Court applied the incorrect legal standard in analyzing the issue of substantive unconscionability.

For these reasons, the Court should reconsider its decision, and, having done so, should order that the arbitration go forward in accordance with the terms of the DRP, including the class action waiver contained in the DRP.  If the Court is going to rely on disputed fact issues in reaching a decision, DRC requests that the Court hold an evidentiary hearing on these disputed issues of fact in connection with this reconsideration.

## REQUEST FOR ORAL ARGUMENT

**DYNAMICS RESEARCH CORPORATION,**

By its attorneys,

/s/ David S. Rosenthal
David S. Rosenthal (BBO # 429260)
Carrie J. Campion (BBO # 656451)
Jeffrey B. Gilbreth (BBO # 661496)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
617-345-1000

Dated: April 24, 2006

BOS1587620.1

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand on April 24, 2006.

                          /s/ Jeffrey B. Gilbreth
                          Jeffrey B. Gilbreth