**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

JOSEPH SKIRCHAK and BARRY ALDRICH,　　)
on behalf of themselves and on behalf　　　　)
of a nationwide class of all others　　　　　　)
similarly situated,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiffs,　　　　　　)　　　Case No.
　　　　　　　　　　　　　　　　　　　　)　　　05-11362
　　　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
DYNAMICS RESEARCH CORPORATION,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　　　　)
_____ )

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFFS' ASSENTED-TO MOTION FOR CONFIRMATION OF
ARBITRATOR'S AWARD APPROVING CLASS ACTION SETTLEMENT**

On November 24, 2010, this Court requested additional briefing regarding

Plaintiffs' request for confirmation of the Arbitrator's award approving the settlement in

this case, stating that "[i]t is unclear that an arbitrator has the power to certify a class,

hold a fairness hearing and approve a settlement."  Docket entry dated Nov. 24, 2010.

Plaintiffs now submit this brief memorandum to respond to the Court's concern.  First,

other courts have confirmed arbitration awards approving class action settlements that

were administered, like this one, pursuant to the American Arbitration Association

("AAA") Supplementary Rules for Class Arbitration.  For example, in Johnson, et al. v.

Morton's Restaurant Group, Chief Judge Wolf confirmed such an award.  See Morton's

Restaurant Group, Inc. v. Johnson, Civ. A. No. 07-11808, docket no. 37 (Jan. 28, 2010).

Similarly, in Bryant, et al. v. Joel Antunes, Inc., the federal District Court for the Northern

District of Georgia confirmed such an award.  See Bryant, et al. v Joel Antunes, LLC,

1

Civ. A. No. 04-02550, docket no. 33 (Aug. 18, 2009); <u>see</u> <u>also</u> <u>Hustler Casino, et al. v.</u>
<u>Terrell</u>, AAA 11 160 01840 03 (Apr. 8, 2008) (confirming arbitrator's award approving
class settlement), attached as "Exhibit A"; <u>Hall, et al. v. Check 'N Go of California, Inc.</u>,
AAA 11 160 03021 04 (Mar. 18, 2008 and Jan. 6, 2009) (arbitrator award approving
class settlement and court order confirming settlement and final distribution of
settlement fund), attached as "Exhibit B" and "Exhibit C"; <u>Denno, et al. v. GMRI, Inc., et</u>
<u>al.</u>, AAA 11 160 02939 03 (Mar. 16, 2007) (order approving class settlement), attached
as "Exhibit D."

Second, the Supreme Court's recent holding in <u>Stolt-Nielsen, S.A. v.</u>
<u>AnimalFeeds International Corp.</u>, 130 S.Ct. 1758 (Apr. 27, 2010), established that class
arbitration may proceed when the parties agree to it.  In this case, the defendant,
Dynamics Research Corporation ("DRC"), moved to compel arbitration after the
plaintiffs first filed this case in court in 2005.  The district court, Judge Lasker, granted
the plaintiffs' request to strike the class action waiver that DRC had inserted into its
mandatory arbitration agreement and compelled arbitration with the class action waiver
stricken.  DRC appealed to the First Circuit.  While at the First Circuit, DRC was asked
by the panel whether, if the class action waiver were stricken, it would rather proceed
with the case in court or in arbitration.  DRC responded that it would prefer to proceed in
arbitration.  Thereafter, the First Circuit affirmed Judge Lasker's holding, and by
agreement the parties proceeded for the next several years to pursue this case in
arbitration, under the AAA's Supplementary Rules for Class Arbitration.  These rules
provide similar protections and procedures as the Federal Rule of Civil Procedure 23.
<u>See</u> AAA Supplementary Rules on Class Arbitrations, attached as "Exhibit E."  The

parties arbitrated the case before Mark Irvings, a well respected neutral with significant experience with class action wage and hour matters.  The parties underwent discovery, extensive briefing and argument regarding a legal defense raised by DRC (after which the Arbitrator denied DRC's motion to dismiss), briefing on plaintiffs' motion for class certification, two unsuccessful mediations, and at last this year the parties reached an agreement.  The plaintiffs submitted a motion for settlement approval to the Arbitrator (attached to Plaintiffs' motion for confirmation), the Arbitrator held a fairness hearing, and the Arbitrator issued an award approving the settlement.

Given that the Supreme Court has endorsed class arbitration when agreed to by the parties, it is a non-controversial matter that an arbitrator has the power to preside over class arbitrations, including certifying a class, holding a fairness hearing, and approving a class action settlement.[1]  The plaintiffs therefore respectfully request that the Court confirm the arbitration award, in order to effectuate the terms of the settlement agreement and allow the plaintiffs and class members to receive their settlement payments.[2]

---

[1]      If there were any question as to whether the arbitrator held the power to do these things, the First Circuit would have had no reason to ask the parties in this case if they preferred to proceed in arbitration or in court if the class action waiver were stricken.  If the arbitrator did not have this power, there would have been no reason for the parties to agree to proceed in arbitration, and the last several years of arbitration proceedings in this case would have been a waste of time and resources.

[2]      If the Court has any further questions or concerns, Plaintiffs ask that Court schedule a conference so that the parties may address them.

Respectfully submitted,

JOSEPH SKIRCHAK, BARRY ALDRICH, on behalf of themselves and on behalf of a nationwide class of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO # 640716
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Elayne Alanis, BBO #660365
Law Office of Elayne Alanis
10 Tremont Street, 3rd Floor
Boston, MA 02108
(617) 263-1203

**ASSENTED TO:**

DYNAMICS RESEARCH CORPORATION,

By its attorneys,

 /s/ David S. Rosenthal
David S. Rosenthal, BBO # 429260
Jeffrey B. Gilbreth, BBO # 661496
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

DATED:  November 29, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2010, I caused a copy of this document to be served by electronic filing on counsel for all parties.


 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.